Dale J. Manchester, Esq. Town Attorney, Concord
You ask whether one person may serve simultaneouly as a town justice, as a member of the town's board of assessment review, and as chairman of the zoning board of appeals of a village within the town. The former position is elective, and the latter two are appointive.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
We have found no constitutional or statutory provision declaring the subject offices incompatible. Village Law, § 3-300(4) provides, except as is otherwise provided by law,
 "* * * no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office." As for membership on the town board of assessment review, Real Property Tax Law, § 523(1) provides for the appointment of board members by the local legislative body and states that "[a] majority of such board shall consist of members who are not officers or employees of the local government". We have previously stated that this language does not preclude a town board from appointing a town officer (other than a member of the town board) or a town employee as one of the "minority" members of the assessment review board (Op Atty Gen [Inf] 82-52). The exception we noted for members of the town board was based upon the common law rule that an appointing body may not appoint one of its members to a public office (Wood v Town of Whitehall, 120 Misc. 124 [Sup Ct, Washington Co], affd on opn below 206 App. Div. 786 [3d Dept, 1923]). In some towns, town justices by virtue of their office serve as members of the town board (Town Law, § 60[2]) and, as a result, are barred by the Whitehall
rule from appointment to the board of assessment review. We are advised that justices in your town do not serve on the town board.
Thus, the issue is whether there is incompatibility under the common law. None of the offices in question are subordinate to the other. The only question is whether there is an inherent inconsistency between these positions.
A town justice is responsible for presiding over all matters within the jurisdiction of the town justice court. The town board of assessment review is charged with the duty of hearing and determining complaints in relation to the assessment of real property within the town (Real Property Tax Law, § 525). A village zoning board of appeals is responsible for hearing and deciding appeals from and reviewing determinations made by village officials charged with the enforcement of the village's zoning law (Village Law, § 7-712[2]). Jurisdication over appeals from determinations made by the board of assessment review and the zoning board of appeals is vested in the Supreme Court (id., § 7-712[3]; Real Property Tax Law, §§ 702,730).
We find no inherent inconsistency between these positions. Incompatibility results from antagonism in the duties and functions between two offices. In People ex rel. Ryan v Green, supra, at 304, it was stated:
 "* * * The offices must subordinate, one [to] the other and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law."
A town justice has no jurisdiction to review determinations made by the town board of assessment review or a village zoning board of appeals and thus will not pass upon his activities as a member of either board. The duties of a town board of assessment review and a village zoning board are independent and do not conflict. The former deals with taxes and the latter with zoning. An individual serving on both boards will not be passing upon his official acts performed as a member of each board.*
See, Op Atty Gen (Inf) 83-53, in which we concluded that the positions of town assessor and village zoning officer are compatible.
We conclude that one person may serve simultaneously as town justice, as a member of the zoning board of appeals of a village within the town and, where the town justice does not serve on the town board, as a member of the town board of assessment review.**
* This is true even where the village has elected to discontinue its assessment function and the town board of assessment review is responsible for reviewing assessments of property within the village for village tax purposes. See, Real Property Tax Law, §1402(3).
** We note there are ethical constraints against the acceptance of extra-judicial governmental appointments by a full-time town justice (see, McKinney's Judiciary Law, Code of Judicial Conduct, Canon 5[G]).